# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2015

Lyle W. Cayce
Clerk

No. 14-41374
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR FIDENCIO ROJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1154-11

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Omar Fidencio Rojas appeals his conviction and sentence on charges of possession of various amounts of marijuana with intent to distribute and money laundering. *See* 18 U.S.C. § 2; 18 U.S.C. § 1957; 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced him to 180 months of imprisonment on the marijuana charges and to 120 months of imprisonment on the money laundering charges, all to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41374

Rojas argues that the district court erred in admitting testimony at trial regarding his actions after another participant in the drug organization was shot.  The testimony at trial showed that Thomas Gonzalez, the head of the drug organization, while out of town, had contacted Rojas and directed him to find an associate named "Taliban" who had been shot.  Gonzalez directed Rojas to help Taliban and to move stored marijuana out of a house where Taliban had been guarding it.  Further testimony indicated that Rojas found Taliban, drove him to a location near the hospital, but left him by the street outside of the hospital.  Ultimately, Taliban died.

Rojas argues that the testimony left the impression that he was called to help an acquaintance but instead left him for dead by the side of the road.  According to Rojas, sufficient other evidence regarding Rojas's participation in the drug operation rendered the Taliban evidence redundant and unduly prejudicial.

Evidence of a defendant's uncharged acts may be either intrinsic or extrinsic to the charged offense.  *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).  Intrinsic evidence is generally admissible, but extrinsic evidence is admissible only to show certain facts, and not the defendant's character and propensity to act in conformity with such character.  FED. R. EVID. 401, 402, 404.  Both intrinsic and extrinsic evidence, however, must be excluded if their prejudicial nature outweighs their probative value.  FED. R. EVID. 403; *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  Whether extrinsic or intrinsic, the evidence that Rojas left his wounded and dying colleague by the road, rather than bringing him to the hospital, raises an issue as to prejudice.  *See* FED. R. EVID. 403; *Beechum*, 582 F.2d at 911.

No. 14-41374

We need not decide, however, whether the district court erred in admitting the testimony regarding Taliban's death because the Government demonstrated that any error in its admission was harmless. *See United States v. Ebron*, 683 F.3d 105, 131 (5th Cir. 2012); *United States v. Sanders*, 343 F.3d 511, 519 (5th Cir. 2003). The Government presented ample evidence of Rojas's participation in the drug operations and the jury found Rojas not guilty on the conspiracy charges. Specifically, the testimony at trial showed that Rojas, who began as an accountant for Gonzalez's race horse business, later also wrapped and weighed the marijuana, coordinated the storage and movement of the marijuana, purchased multiple phones and prepaid phone service for other participants, communicated with drivers, and transported drug proceeds. The record persuades us that the jury convicted Rojas, not to punish him for his treatment of Taliban, but because the evidence supported a finding of guilt for the drug and money laundering offenses with which he was charged. *See United States v. Royal*, 972 F.2d 643, 645-46 (5th Cir. 1992). Accordingly, the admission of the testimony regarding Taliban's death, if error at all, was harmless. *Id.*

Rojas additionally argues that the district court erred by increasing his offense level by three for playing a managerial role in the drug operation. U.S.S.G. § 3B1.1(b). The three-level role enhancement applies if "(1) the defendant exercised managerial control over one or more of the other participants in the offense and (2) the offense involved five or more participants." *United States v. Rodriguez-Lopez*, 756 F.3d 422, 435 (5th Cir. 2014), citing § 3B1.1, comment. (n.2). Because the district court's determination that Rojas acted as a manager for purposes of § 3B1.1(b) is a factual finding, we review for clear error. *See Rodriguez-Lopez*, 756 F.3d at 435.

No. 14-41374

Rojas contends that he did not supervise others, but only worked with them in a family business entirely managed by Gonzalez.  The evidence at trial, however, showed that Gonzalez trusted Rojas to take his place on delivery trips, to unload and weigh marijuana, to coordinate his own and others' movement and storage of the marijuana, to purchase multiple phones and prepaid phone service which Rojas then distributed to other participants in the organization, to communicate with drivers, and to shuttle drug proceeds between sources.  The uncontroverted evidence in the presentence report, with information gathered from interviews with other participants in the drug organization, reflects these same roles as well as indicating that, in Gonzalez's absence on trips, Rojas gave instructions and coordinated the activities of others under Gonzalez's direction.  *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013); *United States v. Cantu-Ramirez*, 669 F.3d 619, 629 (5th Cir. 2012).[1]  Further, testimony regarding the Taliban incident showed that Rojas not only acted independently in a rapidly emerging situation to protect the drug organization, but also directed others to move Taliban and the marijuana.  For these reasons, the district court's conclusion that Rojas played a managerial role "is plausible in light of the record as a whole," and Rojas has shown no clear error in the application of the three-level enhancement.  *See* § 3B1.1(b); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.

---

[1] This matter does not implicate *United States v. Delgado*, 672 F.3d 320, 345 (5th Cir. 2012) (en banc), discussed by Rojas, as the record showed that Rojas directed the activity of other participants in addition to any exercise of responsibility over assets and activities.